590 A.2d 1069

**Mark Tracy JOHNSON a/k/a Mark Tracy Moore**

v.

**STATE of Maryland.**

**No. 1416, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

June 3, 1991.

Nancy S. Forster, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Frank R. Weathersbee, State's Atty., for Anne Arundel County of Annapolis, on the brief), for appellee.

Submitted before ALPERT, ROSALYN B. BELL, and WENNER, JJ.

ALPERT, Judge.

Mark Tracy Johnson was convicted in a court trial in the Circuit Court for Anne Arundel County (Thieme, J., presiding) of possession of cocaine with intent to distribute. Johnson's motion to suppress the evidence was heard and denied in the first stage of the trial. The trial then proceeded on a not guilty plea upon an agreed statement of facts. We are asked to decide whether the trial court erred in denying appellant's motion to suppress, based upon the police officer's lack of reasonable articulable suspicion to effect the seizure.

Detective Wayne Vernon, one of the arresting officers, was working as part of an arrest team in a buy-bust operation in Freetown Village, an "open air drug market." Another detective, who was working undercover purchasing drugs in the area, radioed that he had just purchased crack cocaine from two black males. He described the two men and gave their location. Vernon and his partner drove to the given address and saw the two described individuals. A third man, the appellant, was standing on the stairs with the two suspects. Vernon and his partner, who was wearing a gunbelt and badge, got out of their car. One of the suspects began to run. Vernon approached the second

suspect and appellant, who began to run up the stairs. Vernon yelled, "Halt, police," and chased appellant. Appellant threw a baggie over the third floor landing and two smaller baggies fell to his feet. Appellant was then arrested. All of the baggies were recovered and found to contain crack cocaine with a street value of at least $2,400.00.

This case is controlled by the Supreme Court's recent landmark decision in *California v. Hodari*, —— U.S. ——, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In its brief filed on April 18, 1991, prior to the *Hodari* decision, the State virtually conceded that a seizure of appellant occurred when Detective Vernon shouted, "Halt, police." Appellant contends that the seizure was unreasonable because the officer had no reasonable articulable suspicion to effect the seizure. Thus, according to appellant, the evidence was obtained as a result of the illegal seizure and, therefore, the trial court erred in denying the motion to suppress the evidence.

*Hodari* is dispositive. In that case, a group of youngsters, including the defendant, Hodari, fled upon noticing an unmarked police car approaching. One of the policemen, Officer Pertoso, left the police car, taking a circuitous route that brought him face-to-face with Hodari, who did not see Pertoso until the officer was almost upon him. At that point, Hodari tossed away a "small rock," which was later found to be crack cocaine. Justice Scalia, in delivering the opinion of the Supreme Court, stated:

> In sum, assuming that Pertoso's pursuit in the present case constituted a 'show of authority' enjoining Hodari to halt, since Hodari did not comply with that injunction he was not seized until he was tackled. The cocaine abandoned while he was running was in this case not the fruit of a seizure, and his motion to exclude evidence of it was properly denied.

*Hodari.* —— U.S. at ——, 111 S.Ct. at 1552.

Similarly, because Detective Vernon's admonition to appellant was ignored, appellant was not seized until he was

arrested, and the cocaine, as in *Hodari*, had been abandoned prior to any "seizure." Appellant's motion to suppress the evidence was properly denied.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.